IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JULIAN L. RUSSELL,

    Plaintiff,

              CIVIL ACTION
 vs.            No. 11-3117-SAC

STATE OF KANSAS,

    Defendant.


MEMORANDUM AND ORDER

 This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983 by a prisoner in state custody. By its earlier order, the court pointed out that plaintiff states he is incarcerated for a parole violation and that he appears to challenge his placement on lifetime parole supervision. Because such a claim must be presented in habeas corpus, the court has liberally construed this matter as a petition filed pursuant to 28 U.S.C. § 2254 and directed plaintiff to show cause why this matter should not be dismissed without prejudice due to his failure to allow him to pursue state court remedies.

 Plaintiff filed a response (Doc. 4), in which he shows that he presented a pro se motion to correct illegal sentence to the state sentencing court. That motion was denied in an order

docketed on March 23, 2011, on the ground that plaintiff's placement on lifetime parole supervision is authorized by state law, specifically, K.S.A. 22-3717(d)(1)(G), which provides that a person convicted of a sexually violent crime committed on or after July 1, 2006, if released from prison, shall be released to mandatory lifetime postrelease supervision.  It does not appear that plaintiff filed an appeal from that decision.

"A state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  Ordinarily, a petitioner does not satisfy the exhaustion requirement until the claims in the habeas petition have been presented by "invoking one complete round of the State's established appellate review process." *Id.* at 845.  Thus, plaintiff must present his claims to the Kansas Court of Appeals and to the Kansas Supreme Court to comply with the exhaustion doctrine. *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

Next, it appears plaintiff's challenge concerning the imposition of lifetime supervision is a matter of state law which may not be reviewed in a federal habeas corpus action. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)("[I]t is not the province of a federal habeas court to reexamine state-court

determinations on state-law questions....a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.")

For these reasons, the court concludes the present action should be dismissed.  First, because plaintiff has not satisfied the exhaustion requirement, the court will dismiss this matter without prejudice.  Next, the court notes only that as presently stated, plaintiff's complaint does not appear to state a claim cognizable in federal habeas corpus, but rather a challenge to the application of state law to his criminal conduct.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is liberally construed as a petition for habeas corpus and is dismissed without prejudice.

IT IS FURTHER ORDERED the plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 19th day of July, 2011.


S/ Sam A. Crow
SAM A. CROW
United States Senior District Judge

4